H. W. HORTON ET AL., APPELLANTS, V. TABITHA HOME,
APPELLEE.

FILED OCTOBER 5, 1918. No. 20136.

1. **Appeal: LAW OF THE CASE.** At a former hearing of this case, reported in 95 Neb. 491, it was held that the Tabitha Home, a charitable institution, did not and, under its charter, could not enter into a valid contract for the payment of the claims of materialmen, the material having been furnished for the purpose of constructing a hospital. *Held,* that this previous holding constituted the law of the case to be adhered to, the evidence adduced remaining substantially the same.

2. **Charitable Institutions: IMPROVEMENTS: LIABILITY.** Where a charitable institution has received substantial benefits from improvements made upon its property, but is not liable for the cost thereof because the main object of such improvements was not within the powers and purposes of the institution under its charter, and the institution, because of the substantial benefits which it has received from the improvements, makes provision for the raising of a fund for the payment of the value to it of such benefits received, the court will order the application of any such fund so raised to the payment of the cost of any benefits so received.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*Fawcett & Mockett* and *Strode & Beghtol,* for appellants.

*Boehmer & Boehmer,* contra.

CORNISH, J.

This suit was originally commenced by the plaintiff and cross-petitioners who furnished material for improvements made on the main building of Tabitha Home, a charitable institution, to foreclose their mechanics' liens. The trial court allowed the liens. The defendant Tabitha Home appealed. Our opinion is reported in 95 Neb. 491. In reversing the case we held that the improvements were made for the construction

of a hospital at the home; that the home is a public charity organized "to furnish a home for the aged and infirm, and a home for indigent orphans to be given a common school education to fit them to become nurses and attendants on orphan homes, and similar institutions," and under its charter would not be empowered to expend its funds or property for the purpose of maintaining a hospital; and, further, that it did not appear from the record that the trustees of the institution had, as such, contracted to make it liable for the improvements. We further held that, no application having been made to the district court for authority to so expend the funds of the institution, a mechanics' lien could in no event attach to the real estate of the institution. On a retrial of the case, the trial court found against the materialmen. They have appealed the case, contending that they are entitled to judgment against the institution for the value of material furnished.

We are of opinion that the question of the right of the materialmen to a judgment against the defendant for the value of the material furnished was passed upon in our former opinion and judgment, which decision has become the law of the case. We are of opinion, too, that we were right in holding that the trustees of the corporation would not be empowered to contract for the expenditure of its funds to build a hospital, and that persons dealing with a public charity are bound to know the extent of its powers.

It is insisted, however, that these materialmen all supposed that they were dealing with the home in improving its main building, which was at the time and has since been used by its inmates; that the improvements made and material furnished were more or less for the benefit of the home. We are of opinion that the record does show that these contentions are true. It is further insisted that the officers have, as they promised to do, raised a fund for the satisfaction of the claims of these

materialmen. The evidence does not show the amount of it, if any has been raised. The materialmen have at all times asked for such equitable relief as good conscience may require. It would appear from the record that, the benefits of these improvements having, in part at least, gone to the home, it ought to make its best endeavor to pay for such improvements as it has had and as were necessary to the home.

We have concluded to remand this case to the district court, with leave to the parties to amend their pleadings so that the exact value of improvements beneficial and necessary to the home may be determined, and, if it is further found that the home has made provision for or has raised a fund donated for the purpose of paying the value of such improvements, then an order should be made requiring the application of any fund so raised *pro rata* to the payment of the claims of these materialmen, so far as the court may find the improvements made were necessary and beneficial to the home for the purposes for which it was established under the law.

REVERSED AND REMANDED.

ROSE, J., not sitting.

LETTON, J., dissenting.

Upon the former appeal of this case, I dissented because "unable to agree with the conclusions of fact announced in the opinion, and also with the legal principles stated as applying to the facts in evidence in the case." 95 Neb. 491.

I regret that I am again compelled to dissent. The facts are that certain individuals, most of them members of the Lutheran church, adopted articles of incorporation, which recited that the objects and business of the corporation are: "(1) To erect and maintain an orphan home for the benefit of the orphans of our land. (2) To erect and maintain a place where the sick and needy and feeble may be cared for."

Afterwards the trustees determined, upon the solicitation of a number of physicians, that part of the premises might be remodeled and used as a hospital. The authorized officials purchased material and supplies from the several plaintiffs for that purpose, and for the purpose of making necessary repairs upon the building. For some reason the hospital was not successful. When it was attempted to foreclose mechanics' and materialmen's liens for the material supplied, a majority of this court held that no such lien could be asserted against a charitable institution. The great weight of authority is to the contrary. See annotation to the opinion in this case on page 1145, Ann. Cas. 1915D, and in 51 L. R. A. n. s. 161.

The case was remanded to the district court, where it was sought unsuccessfully to recover a judgment for the contract price. The majority opinion denies the right to such a judgment, but sends the case back to ascertain the amount of a somewhat uncertain, doubtful, or mythical fund, and to apply it *pro rata* on the claims. I am unable to agree with this conclusion. It has always been my opinion that the materialmen were entitled to the liens they asserted. Most certainly, if not entitled to liens, they should be entitled to a judgment against the corporation for the price of the articles supplied. To hold otherwise is to permit a corporation organized for charitable purposes to use charity as a sword, and not as a shield, and to obtain property of others without paying for it, which is repugnant to every legal and moral principle. Charity is said to cover a multitude of sins. In this case it is used to cover the wrongful deprivation of these merchants of their property without compensation. If it would be a diversion of charitable funds to pay for the goods, it is certainly a diversion of them to indulge in the cost of litigation to defeat just and meritorious claims.